**Sage Legal LLC**

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

September 9, 2026

**VIA ECF**
United States District Court
Eastern District of New York
Attn: Joseph A. Marutollo, U.S.M.J.
225 Cadman Plaza East
Courtroom 11A South
Brooklyn, NY 11201-1804

***Re:*** **Image Professionals GmbH v. Jerusalem Bagels Inc.**
**Case No.: 1:26-cv-4106 (JAM)**

Dear Judge Marutollo:

Defendant Jerusalem Bagels Inc. ("Defendant"), by its undersigned counsel, respectfully requests a pre-motion conference pursuant to Section VII(A) of Your Honor's Individual Practices and Rules concerning Defendant's anticipated motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"). The Complaint asserts a single claim for copyright infringement under 17 U.S.C. § 501 arising from the alleged display of one stock photograph on Defendant's website and/or social media. Defendant seeks dismissal because the pleading does not plausibly allege facts establishing Plaintiff's ownership of an exclusive right in the specific photograph at the relevant time or volitional copying by Defendant. In the alternative, Defendant seeks dismissal of the pleaded vicarious/contributory infringement and willfulness theories.

**I. The Complaint Does Not Plausibly Plead Plaintiff's Ownership of an Exclusive Right in the Work.**

A copyright plaintiff must plausibly allege ownership of a valid copyright and unauthorized copying of protected expression. See Sohm v. Scholastic Inc., 959 F.3d 39, 48 (2d Cir. 2020). Section 501(b) permits suit only by the "legal or beneficial owner of an exclusive right under a copyright." See 17 U.S.C. § 501(b). A transfer of a bare right to sue is insufficient. See John Wiley & Sons, Inc. v. DRK Photo, 882 F.3d 394, 402-05, 411-14 (2d Cir. 2018).

Here, Plaintiff is not alleged to be the photographer who created the Work. Rather, the Complaint relies on a chain of purported agreements among an unidentified contributor photographer, StockFood America, Inc., and Plaintiff, while describing those agreements only in generalized terms. The pleading does not identify the photographer, the date of the operative transfer, the precise exclusive § 106 rights transferred as to this particular Work, or facts showing that Plaintiff held those rights when the alleged infringement occurred. Because ownership of an exclusive right is an element of the claim – not merely a matter of damages – the anticipated motion will argue that these conclusory allegations do not cross the line from possibility to plausibility. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); John Wiley, 882 F.3d at 404-05.

## II. The Complaint Does Not Plausibly Allege Volitional Copying by Defendant.

Direct copyright infringement requires conduct sufficiently volitional to support direct liability. See Cartoon Network LP, LLLP v. CSC Holdings, Inc., 536 F.3d 121, 131 (2d Cir. 2008); BWP Media USA Inc. v. Polyvore, Inc., 922 F.3d 42, 47-49 (2d Cir. 2019) (J. Walker, Concurring).

The Complaint alleges, largely on information and belief, that Defendant "displayed," "published," and/or "copied" the Work because an image allegedly appeared on a website or social-media page associated with Defendant. But it pleads no nonconclusory facts identifying who uploaded the image, when it was uploaded, how Defendant obtained it, or any act by Defendant itself that caused the allegedly infringing reproduction or display. The anticipated motion will therefore argue that the pleading impermissibly equates the appearance of content on an internet page with Defendant's own volitional copying, without factual allegations supporting that inference.

Indeed, in the Second Circuit, "conclusory pleadings on 'information and belief' are inadequate as a matter of law" to survive a motion to dismiss under Rule 12(b)(6). See Lesavoy v. Lane, 304 F. Supp. 2d 520, 527 (S.D.N.Y. 2004); see also Singa v. Corizon Health, Inc., No. 17-CIV.-4482 (BMC), 2018 WL 324884, at *4 (E.D.N.Y. Jan. 8, 2018) (alleging something 'upon information and belief' does not suffice to allege a fact under Iqbal and Twombly[1] unless plaintiff can point to some facts that make the allegations more than pure speculation").

In light of the foregoing, Plaintiff's complaint does not plausibly allege volitional copying.

## III. The Secondary-Liability and Willfulness Theories Are Independently Deficient.

The Complaint further alleges, in a single formulaic sentence, that any infringement was "direct, vicarious, and/or contributory." Those are distinct theories with distinct elements. Vicarious infringement requires, among other things, the right and ability to supervise the direct infringer and a direct financial interest in the infringement; contributory infringement requires knowledge of another's infringement and material contribution to it. See Arista Records LLC v. Usenet.com, Inc., 633 F. Supp. 2d 124, 155-57 (S.D.N.Y. 2009). The Complaint identifies no third-party direct infringer, no supervisory relationship, no direct financial benefit attributable to the alleged infringement, nor any facts showing knowing inducement or material contribution. Those theories should therefore be dismissed even if a direct-infringement theory survives (which it should not).

The allegation of willfulness is likewise conclusory. A request for enhanced statutory damages cannot rest solely on the proposition that Defendant operates a commercial website or generally understands that copyrights exist. See, e.g., Island Software and Computer Service, Inc. v. Microsoft Corp., 413 F.3d 257, 263-64 (2d Cir. 2005) (willfulness requires actual or constructive knowledge that conduct constitutes infringement or reckless disregard of that possibility).

---

[1] See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

The Complaint pleads no facts showing that Defendant knew Plaintiff owned rights in this Work, knew the image was unlicensed, or continued using it after receiving notice. Defendant accordingly anticipates seeking dismissal of the willfulness theory and any relief dependent on it.

For these reasons, Defendant respectfully requests that the Court schedule a pre-motion conference and permit Defendant to move to dismiss the Complaint pursuant to Rule 12(b)(6), or, in the alternative, dismiss the secondary-liability and willfulness theories. Pursuant to Section VII(A)(2) of Your Honor's Individual Practices, the filing of this pre-answer pre-motion letter stays Defendant's obligation to answer or otherwise move against the Complaint through the date of the pre-motion conference. Defendant thanks this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
September 9, 2026

Respectfully submitted,

**SAGE LEGAL LLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*Jerusalem Bagels Inc.*

**VIA ECF**
All counsel of record